United States District Court
Southern District of Texas
**ENTERED**
July 13, 2026
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

NEXOLI ANYIS GOMEZ BRACHO, §
§
Petitioner, §
§
VS. § CIVIL ACTION NO. 4:26-CV-00842
§
RANDY TATE, *et al.*, §
§
Respondents. §

## ORDER

Before the Court are Petitioner Nexoli Anyis Gomez Bracho's Petition for Writ of Habeas Corpus (Doc. #1) and Respondents' Response to the Petition for Writ of Habeas Corpus and Motion for Temporary Restraining Order and Preliminary Injunction and Motion to Dismiss and, in the Alternative, for Summary Judgment (the "Motion for Summary Judgment") (Doc. #5). Having considered the parties' arguments and applicable legal authority, the Court denies the Motion for Summary Judgment and grants the Petition for Writ of Habeas Corpus.

Petitioner Nexoli Anyis Gomez Bracho ("Petitioner"), a citizen of Venezuela, entered the United States without inspection on or about August 24, 2023 at or near Brownsville, Texas. Doc. #5, Ex. 1. At that time, the Department of Homeland Security ("DHS") issued a Notice to Appear charging Petitioner with being "an alien present in the United States who has not been admitted or paroled" and is thus inadmissible under Section 212(a)(6)(A)(i) of the Immigration and Nationality Act. *Id.* On December 22, 2025, Petitioner was arrested for fleeing a police officer and was transferred to the custody of Immigration and Customs Enforcement ("ICE") on

January 4, 2026 upon release from Montgomery County Jail.[1]  Doc. #1 at 3; Doc. #1, Ex. 2 at 6; Doc. #5 at 2.  Since then, Petitioner has been in ICE custody at the Montgomery Processing Center in Conroe, Texas.  Doc. #1, Ex. 2 at 4; Doc. #5 at 2.

Respondents argue Petitioner is subject to mandatory detention without bond pursuant to 8 U.S.C. § 1225(b)(2).  Doc. #5 at 2–5.  Petitioner argues her continued detention violates her due process rights.  Doc. #1 at 5–6.  Courts in the Southern District of Texas have held that the continued detention of a noncitizen who has no material criminal history and has not been shown to be a flight risk or danger to the community violates procedural due process.  *See Batalla Nava v. Tate*, 4:26-cv-739, 2026 WL 1103033, at *2–4 (S.D. Tex. Apr. 23, 2026); *Reyes Suarez v. Thompson, et al.*, 4:26-cv-678, 2026 WL 1103030, at *2–4 (S.D. Tex. Apr. 23, 2026); *Rodriguez v. Frink*, 4:26-cv-798, 2026 WL 709487, at *8–10 (S.D. Tex. Mar. 13, 2026).  The Court sees no reason to reach a different conclusion here.

Accordingly, the Court concludes that Petitioner's detention, without an individualized assessment or opportunity to be heard, violates her right to procedural due process.  After reviewing the authorities and the record, the Court determines release is the appropriate habeas relief for the unlawful detention in this case.  *See Brown v. Davenport*, 596 U.S. 118, 128 (2022) ("[F]ederal courts may grant habeas relief as law and justice require.") (cleaned up).

For the foregoing reasons, Respondents' Motion for Summary Judgment is DENIED. Doc. #5.  Furthermore, Petitioner's Petition for Writ of Habeas Corpus is GRANTED.  Doc. #1.

---

[1] Based on the record before the Court, Petitioner has no criminal history other than her aforementioned arrest.  Doc. #1 at 3; Doc. #5 at 2.  Furthermore, there is no evidence her misdemeanor charge for fleeing a police officer has been adjudicated.  Doc. #1 at 3.

2

The Court therefore ORDERS as follows:

1. Respondents are ORDERED to effectuate Petitioner's immediate release from custody within forty-eight (48) hours of the entry of this Order. Petitioner shall be released in a public place within the Southern District of Texas.

2. Respondents are further ORDERED to inform Petitioner's counsel or Petitioner's next friend of the time and location of her release at least three (3) hours before release.

3. Respondents are further ORDERED to return to Petitioner, at the time of her release from custody, any and all identification documents taken from her at the time of or during detention.

4. Respondents may not re-detain Petitioner during the pendency of her removal proceedings absent a pre-detention hearing before an Immigration Judge at which the government demonstrates, by clear and convincing evidence, that she is a flight risk or a danger to the community.

5. Respondents are further ORDERED to file a status report updating the Court within seventy-two (72) hours of this Order, informing the Court of the status of Petitioner's release.

6. All other pending motions, if any, are DENIED as MOOT.

It is so ORDERED.

_____**JUL 1 0 2026**_____
Date

_____
The Honorable Alfred H. Bennett
United States District Judge

3